IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 98-cv-01641-REB-BNB

CAPITOL PACKAGING CORPORATION, a Colorado corporation;
FREDERICK A. WISE, a Colorado resident,
RAYMOND R. SAINZ, a Colorado resident, and
TEMPLE-INLAND CORPORATION, a Delaware corporation,

Plaintiffs,

v.

STONE CONTAINER CORPORATION, a Delaware corporation;
JEFFERSON-SMURFIT CORPORATION, a Delaware corporation;
CCL LABEL, INC., a Michigan corporation; and
GATEWAY, INCORPORATED, a Delaware corporation,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendant Gateway, Incorporated's Motion to Join Temple-Inland as Plaintiff Capitol Packaging, Inc.'s Successor In Interest** [Doc. # 227, filed 5/15/06] (the "Motion"). By an order entered May 19, 2005 [Doc. # 231], I required Gateway to serve a copy of the Motion on Temple-Inland, and I allowed Temple-Inland until June 21, 2006, within which to respond to the Motion. A return of service has been filed indicating that Temple-Inland was served on May 31, 2006, with a summons; the Motion; and Gateway's brief in support of the Motion.

This action was commenced on July 30, 1998. Gateway asserts that as a result of corporate mergers occurring on November 20, 1998, and May 18, 2001, Temple-Inland became the successor-in-interest to Capitol.

The plaintiffs responded to the Motion [Doc. # 245, filed 6/20/06] (the "Plaintiffs' Response"), generally agreeing that Temple-Inland is the successor-in-interest to Capitol and stating:

> Temple-Inland is Plaintiff Capitol Packaging Corporation's ("Capitol") successor in interest, having acquired all of Capitol's outstanding stock. As such, Temple-Inland owns the exclusive license for the '728 patent at issue in this case which license was formerly held by Capitol. Furthermore, Capitol has completely ceased to exist as a separate corporate entity.
>
> In light of these developments, it is appropriate for the Court to *substitute* Temple-Inland for Capitol, i.e. remove Capitol and add Temple-Inland in its place.
>
>                                    \*   \*   \*
>
> The parties agree that Capitol does not exist at all having been completely subsumed into Temple-Inland. In fact, Gateway asserts that it needs to communicate with Temple-Inland rather than Capitol. Accordingly, there is no reason for Capitol to be a party to this case, particularly if Temple-Inland is being joined. Keeping Capitol in the case would be superfluous and a cause of confusion.

Plaintiffs' Response at ¶¶1-3.

Temple-Inland has not responded to the Motion.

Rule 25(c), Fed. R. Civ. P., provides in relevant part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.

The function of Rule 25(c), with respect to the substitution of parties after the commencement of a suit, has been explained as follows:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he

2

>> is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.
>
> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, it is wishes, to retain as a party and to order that the transferee be made an additional party.

7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1958 at pp.555-59.

Because the case involves issues of the validity of a patent to which Temple-Inland has an interest and in view of the convoluted corporate transactions leading to Temple-Inland becoming Capitol's successor-in-interest, it appears to me that it is prudent to add Temple-Inland as a party-plaintiff to this action. The action thus far has been prosecuted in Capitol's name, and I see no compelling reason to delete Capitol as a party.

IT IS ORDERED that the Motion is GRANTED. Temple-Inland, Inc., is added as a party-plaintiff, and Capitol Packaging Corporation shall continue as a party-plaintiff.

IT IS FURTHER ORDERED that the case caption is modified as indicated above.

Dated June 27, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge